[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR ALIMONY PENDENTE LITE
The defendant, Lisa F. Garlington, through pleading dated June 2, 2000, has moved the court pursuant to General Statutes § 46b-83 for an award of alimony pendente lite. On August 7, 8, 2000, a hearing was held on the motion. The parties presented evidence consisting of their own testimony and the introduction of numerous exhibits. The court has also been provided with the financial affidavits of the parties. Both parties have articulated their view points to the court through oral argument. The plaintiff has taken the position that alimony should be awarded in the amount of $275 per week. The defendant maintains that an award of $450 per week is appropriate. Both parties agree that any award shall be retroactive to July 3, 2000.
The parties have been married for approximately four years. The CT Page 10523 defendant is pregnant and is expected to give birth in the month of November, 2000. She currently resides in the state of Georgia with her parents. The defendant is currently unemployed. Prior to leaving the state of Connecticut she was employed at a private girls school in the town of Farmington. The school provided the parties with housing as part of her compensation. The defendant's employment contract was not renewed.
The plaintiff, Ernest C. Garlington lives in the City of Waterbury. He is employed as a social worker. Both parties have a college degree.
The parties sources of income, expenses and liabilities are set forth in the financial affidavits. In addition they testified at length regarding those issues.
In accordance with the requirements of General Statutes § 46b-83
the court has carefully considered "all factors enumerated in section46b-82, except the grounds for the complaint or cross complaint, to be considered with respect to a permanent award of alimony.
Based upon the applicable law and the credible evidence the court awards $385 per week pendente lite alimony without prejudice retroactive to July 3, 2000.
This order shall be secured by a withholding order for support.
In addition, the parties have agreed to the following additional issues which the court will accept and make a part of this order.
A. The plaintiff shall maintain medical and dental insurance for the benefit of the defendant and child. The defendant will pay 100% of the unreimbursed medical expenses for the defendant and child.
B. The plaintiff shall pay for the cost of clothing, furniture and other items necessary to equip the child's nursery. The parties shall confer through their attorneys to make the necessary arrangements to effectuate this order. If the parties cannot resolve these issues it shall be referred to a Family Services officer for settlement of the dispute.
So ordered,
PETER EMMETT WIESE, J.